J-S51025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| :--- | :---: |
| Appellee | PENNSYLVANIA |
| v. | |
| LEON LEWIS, | |
| Appellant | No. 2115 EDA 2016 |

Appeal from the PCRA Order June 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0226811-1993, CP-51-CR-0226901-
1993, CP-51-CR-0227181-1993, CP-51-CR-0230231-1993

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 22, 2017**

Appellant, Leon Lewis, appeals *pro se* from the order denying his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546.  We affirm.

Twenty-five years ago, on November 16, 1992, Appellant and a cohort

held up, at gunpoint, the patrons and employees of Doobie's Bar in

Philadelphia.  Before fleeing, the robbers ordered Tanqueray Gin and orange

juice and ultimately barricaded everyone in the bathroom.  ***Commonwealth***

***v. Lewis***, 767 A.2d 1110, 1850 EDA 1999 (Pa. Super. 2000) (unpublished

---

[*]  Former Justice specially assigned to the Superior Court.

memorandum) ("*Lewis I*").[1]  One week later, Appellant and a cohort held up, at gunpoint, patrons and employees of Cherry Street Tavern in Philadelphia on November 23, 1992.  The men ordered Tanqueray Gin and orange juice and eventually, barricaded everyone in the bathroom before fleeing.  *Id*. Five days later, on November 28, 1992, Appellant and two men held up, at gunpoint, employees of Track and Turf Tavern in Philadelphia.  They first ordered Tanqueray Gin and orange juice, stole the employees' money, emptied the cash register, then barricaded the employees in the bathroom before absconding.  *Id*.  On November 30, 1992, after being warned by police of the recent neighborhood robberies, the bartender at Cavanaugh's Bar in Philadelphia had a patron telephone police when Appellant, who had the handle of a gun sticking out of his waistband, and two men entered the bar and ordered Tanqueray Gin and orange juice.  *Id*.  Police arrived and patted down the men, who gave the police officers false names.  The men were arrested and criminally charged.

Following a jury trial on April 6, 1994, Appellant was convicted of thirteen counts of robbery, four counts of criminal conspiracy, and five counts of carrying a firearm on public streets.  The trial court sentenced Appellant on June 3, 1994, to an aggregate term of incarceration of 120 to

_____

[1]  Because Appellant has not provided the notes of testimony from trial in the record certified to us on appeal, we reference a prior decision of the Court in setting forth the pertinent facts of the underlying crimes.

240 years. Appellant did not file a direct appeal, but on January 14, 1997, he filed a timely *pro se* first PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. Following the appointment of counsel, the Commonwealth agreed to reinstatement of Appellant's direct appeal rights *nunc pro tunc*, and Appellant filed the appeal on June 18, 1999. This Court affirmed the judgment of sentence. *Lewis I*, 1850 EDA 1999. Our Supreme Court denied Appellant's petition for allowance of appeal on April 4, 2001. *Commonwealth v. Lewis*, 785 A.2d 88, 699 EAL 2000 (Pa. 2001).

On May 17, 2002, Appellant filed a second *pro se* PCRA petition. Because his first petition resulted in the restoration of his direct appeal rights, however, the petition properly was treated as his first petition. *See Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013) ("[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes."). Appointed counsel sought to withdraw, the PCRA court denied the PCRA petition, and it entered an order permitting counsel to withdraw. Appellant proceeded with his appeal *pro se*. Concluding that prior counsel's no-merit letter inadequately failed to address Appellant's claims, this Court vacated the PCRA court's order and remanded for the appointment of new counsel. *Commonwealth v. Lewis*, 855 A.2d 134, 496 EDA 2003 (Pa. Super. 2004) (unpublished memorandum) (*Lewis II*).

On April 26, 2005, new counsel filed an amended PCRA petition, whereupon Appellant sought to represent himself pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Following a hearing, Appellant was permitted to proceed *pro se*. Appellant amended his PCRA petition, which the PCRA court denied without a hearing on October 4, 2006. We affirmed the denial of PCRA relief on appeal. *Commonwealth v. Lewis*, 947 A.2d 827, 3143 EDA 2006 (Pa. Super. 2007) (unpublished memorandum) (*Lewis III*). Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Lewis*, 955 A.2d 357, 189 EAL 2008 (Pa. 2008).

Less than two weeks after our Supreme Court denied relief, Appellant filed a *pro se* petition for writ of *habeas corpus* in federal court on September 8, 2008. The United States Magistrate recommended dismissal of the petition, and Appellant filed a motion for reconsideration. The federal district court denied the petition for writ of *habeas corpus* on June 17, 2010, and declined to issue a certificate of appealability to the court of appeals. *Lewis v. Tennis*, 2010 WL 2510217, civil action no. 08-4498 (E.D.Pa. 2010).

On January 20, 2011, Appellant filed a PCRA petition, followed by an amended petition on January 31, 2011.[2] While the PCRA court indicated its intent to dismiss the petitions on September 30, 2011, it failed to enter such order. On August 19, 2015,[3] Appellant filed a second amended PCRA petition, and the PCRA court issued notice of intent to dismiss on May 16, 2016. The PCRA court formally dismissed the petitions as untimely on June 6, 2016. Appellant filed a notice of appeal to this Court on June 27, 2016. The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement.

Appellant presents the following issues on appeal:

1. Did the PCRA Court err when denying Appellant's timely PCRA petition which entitled appellant to enumerated exceptions under 42 Pa.C.S.A. § 9545(b)(1)(i) and 42 Pa.C.S.A. § (b)(1)(ii)[?]

---

[2] These petitions were not in the certified record, although they are docketed as filed. It is Appellant's responsibility to provide this Court with a complete record. *Commonwealth v. Kleinicke*, 895 A.2d 562, 575 (Pa. Super. 2006) (*en banc*) (the responsibility rests upon the appellant to ensure that the record certified on appeal contains all of the materials necessary for the reviewing court to perform its duty). Despite Appellant's dereliction, our Prothonotary reached out to the lower court to obtain the petitions. We were able to obtain only the January 20, 2011 PCRA petition.

[3] The docket entries recorded the filing of a supplemental amended PCRA petition on August 19, 2015, but the document filed on that date actually is a Supplemental Memorandum of Law in Support of Petitioner's Amended Motion for Post Conviction Collateral Relief. Certified Docket Entry 93. The PCRA court stated in its Pa.R.A.P. 1925(a) opinion that a supplemental amended PCRA petition was filed on May 21, 2015. PCRA Court Opinion, 11/2/16, at 3. However, the docket in the certified record does not contain an entry for May 21, 2015. Once again, our Prothonotary contacted the PCRA court, but a Supplemental Amended PCRA petition was not provided to this Court.

2. Did the PCRA court err, and commit reversible error when it dismissed Appellant's petition without the benefit of a properly conducted evidentiary hearing, to develop the layered claim of appellate counsel's ineffectiveness, therefore being able to render a fully informed legal opinion?

3. Did the PCRA Court err and commit a Miscarriage of justice and reversible error when the Government interfered (trial Court) with Appellant's access to records in the State Courts or when facts were omitted from the records (MC 9211-3599 is not apart [sic] of this appeal)[?]

4. Did the commonwealth's prosecuting attorney err, and commit reversible error, when she permitted known false documents (evidence) to remain on the records, uncorrected, when it was presented to the Appellate Court, there impeding justice and perpetrating a knowing fraud upon the judiciary[?]

5. The question presented here is whether the Hon. Judge Woods-Skipper denial of Appellant's 2 recusal motion and her subsequent judicial participation violated the Due process clause of the Fourteenth Amendment and violated clearly establish Federal Law[?]

Appellant's Brief at 5.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is

no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The PCRA's time-for-filing requirements are mandatory and jurisdictional in nature, and a court may not ignore them in order to reach the merits of the petition. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, the time for seeking review in the Supreme Court of the United States expired on Tuesday, July 3, 2001, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 4, 2001. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, in order to be timely under the PCRA, Appellant was required to file his PCRA petition on or before July 3, 2002. Because Appellant did not file the instant PCRA petition until January 20, 2011, the petition is patently untimely.

If a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under three limited exceptions to the

timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1).[4] If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

As we continue our analysis of the timeliness of Appellant's PCRA petitions, we endeavor to decipher Appellant's unclear and disorganized

---

[4] The exceptions to the timeliness requirement are:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

arguments despite his noncompliance with our rules of appellate procedure.[5]

Appellant asserts that the failure to raise his claim previously was the result of interference by government officials that he describes as "the withholding of pertinent parts of transcript, and the submitting of fraudulent document[s]." Appellant's Brief at 16 (citing 42 Pa.C.S. § 9545(b)(1)(i)). He also contends that this information constitutes newly discovered facts that "arise[] out of the information discovered during his Federal habeas proceedings." Appellant's Brief at 16 (citing 42 Pa.C.S. § 9545(b)(1)(ii)).

Appellant's allegations of government interference are undeveloped and lacking in proof. He fails to identify what was withheld,[6] by whom, what documents were fraudulent, and when and by whom they were submitted. Regarding Appellant's allegation of newly discovered facts under Subsection 9545(b)(1)(ii), Appellant must establish "that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Appellant wholly fails to explain why he was unable to have

---

[5] For example, Appellant has failed to comply with Pa.R.A.P. 2119(a), which provides that the argument section shall be divided into as many parts as there are questions to be argued.

[6] While Appellant makes reference to a suppression hearing transcript and notes of testimony from his preliminary hearing, the reference is unexplained, unsubstantiated, and unconnected to his claim of governmental interference. Appellant's Brief at 26.

obtained the information, which in and of itself is not coherently identified, earlier with the exercise of due diligence.[7]

Based upon our review of the record, briefs, and applicable law, we conclude that Appellant has failed to satisfy any exception to the PCRA time bar. Thus, Appellant's PCRA petition was untimely and no exceptions apply. The PCRA court therefore correctly determined that it lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in Appellant's PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

---

[7] In addition, we rely on the PCRA court's explanation and rejection of Appellant's assertion of the applicability of the newly-discovered-fact exception of 42 Pa.C.S. § 9545(b)(1)(ii) based upon statements provided by SCI Green inmate Melvin Tomas to Nick Kato, a private investigator with the Pennsylvania Innocence Project. PCRA Court Opinion, 11/2/16, at 5.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/22/2017*